UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THIRD DEGREE FILMS, | No. C 11-02768 LB |
| Plaintiff, | **ORDER GRANTING, IN PART, PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY AND DISMISSING DOES 2-3577** |
| v. | |
| DOES 1-3577, | |
| Defendants. | [ECF No. 6] |

## I. INTRODUCTION

Plaintiff Third Degree Films asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* Complaint, ECF No. 1 at 2.[1] It seeks permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case so that it can complete service of process. *Ex Parte* Motion for Expedited Discovery, ECF No. 6 at 5. Third Degree Films consented to this court's jurisdiction on August 22, 2011. ECF No. 8 at 1.

As discussed below, the court finds good cause exists for Third Degree Films to engage in this preliminary discovery but only with respect to Doe 1. Because Third Degree Films has not demonstrated that permissive joinder is appropriate, the court severs Does 2-3577 from this action and dismisses them without prejudice.

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

## II. BACKGROUND

Third Degree Films is an California company that is the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the motion picture titled "Busty Office Milfs 2" (the "Motion Picture"). Complaint, ECF No. 1 at 2-3 ¶¶ 4, 7, 8. According to Third Degree Films, the Doe defendants, without its permission, reproduced and distributed the Motion Picture to numerous third parties through a peer-to-peer file sharing network thereby violating the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and causing economic and reputation damages. *Id.* at 3, ¶ 10.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, Third Degree Films does not know the defendants' names and addresses and cannot complete service of process on them. Motion, ECF No. 5 at 4. It has been able to identify the Internet Protocol ("IP") address assigned to each of the Doe defendants, the Internet Service Provider ("ISP") for each of the IP addresses, and the date and time that each defendant allegedly infringed on Third Degree Films's copyrighted work. *Id.* Third Degree Films therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve Rule 45 third-party subpoenas on each ISP associated with the identified IP addresses to obtain the names and contact information of the Doe defendants to effect service of process on them. *Id.* at 11.

## III. DISCUSSION

### A. Legal Standard for Leave to Take Early Discovery

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should

be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**1. Third Degree Films Has Shown Good Cause**

Here, Third Degree Films has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Third Degree Films has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1 at 8-85; Nicolini Decl., ECF No. 6-1 at 6-7, ¶ 18.

Second, Third Degree Films has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of the Motion Picture on BitTorrent-based peer-to-peer networks. Nicolini Decl., ECF No. 6-1 4-7, ¶¶ 14-18. The data that Third Degree Films gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work. Exh. A, ECF No. 1 at 8-85. Third Degree Films has been unable to further identify the Doe defendants. Nicolini Decl., ECF No. 6-1 at 6-7, ¶¶ 18-19.

Third, Third Degree Films pled the essential elements to state a claim for copyright infringement. Complaint, ECF No. 1 at 3-4, ¶¶ 10-15.

1   Fourth, Third Degree Films has demonstrated that the proposed subpoena seeks information
2   likely to lead to identifying information that will allow it to effect service of process on the Doe
3   defendants. Specifically, the proposed subpoena requests that each ISP produce information
4   sufficient to identify the Doe defendant who subscribed to its service, including the defendant's
5   name, address, telephone number, and email address. Motion, ECF No. 6 at 28.

6   Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant
7   Third Degree Films leave to conduct early discovery generally. *See Semitool*, 208 F.R.D. at 276.
8   Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if
9   any, inconvenience to the subpoena recipient. Permitting Third Degree Films to engage in this
10  limited, early discovery is therefore consistent with Rule 26(d).

**B. Third Degree Films Failed to Show that Permissive Joinder is Appropriate**

12  Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is
13  asserted against them jointly, severally, or in the alternative with respect to or arising out of the
14  same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or
15  fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder
16  occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be
17  prejudiced by the severance." *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R.
18  Civ. P. 21. Courts should construe Rule 20 liberally "in order to promote trial convenience and to
19  expedite the final determination of disputes." *See League to Save Lake Tahoe v. Tahoe Reg'l*
20  *Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Courts may consider various factors to
21  determine whether joinder "comport[s] with the fundamental principles of fairness," including the
22  possibility of prejudice to the parties and the motives of the party seeking joinder. *See Desert*
23  *Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

24  Other courts in this district and elsewhere have found misjoinder in similar copyright
25  infringement cases. *See, e.g., Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011
26  U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*,
27  No. C 11-02533 DMR, 2011 U.S. Dist. LEXIS 73837, at *7-*14 (N.D. Cal. Jul. 8, 2011) (collecting
28  cases); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb.

3, 2011) (collecting cases). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See, e.g., Pac. Century Int'l*, 2011 U.S. Dist. LEXIS 73837 at *12-*13. In contrast, other courts have found joinder appropriate at this stage in the litigation. *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-43 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civil Action No. 10–1520 (BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action No. 11–57 (CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011).

The court concludes here that Third Degree Films fails to demonstrate that joinder is appropriate. Third Degree Films argues that the Doe defendants are properly joined the Doe defendants downloaded and shared the exact same file (i.e., were a part of the same swarm) and the nature of the BitTorrent technology requires concerted action with regard to each swarm. Motion, ECF No. 6 at 15-23. But, without more, permissive joinder is inappropriate, particularly given that 3,577 Doe defendants downloaded the protected work at various dates and times ranging from November 11, 2010, to June 1, 2011. Exh. A, ECF No. 1 at 10, 22; *see Diabolic Video Prods.*, 2011 U.S. Dist. LEXIS 58351 at *11 n.16 (collecting cases).

Joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. *See On The Cheap, LLC v. Does 1-5011*, No. C10–4472 BZ, 2011 WL 4018258, at *2 (N.D. Cal. Sept. 6, 2011). Though the 3,577 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. *See BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). As one court noted, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id.* Additionally, a court in this district found joinder inappropriate because of the case management issues involved in a case with thousands of defendants. *See On The Cheap, LLC v. Does 1-5011*, 2011 WL 4018258, at *2 (noting the associated logistical problems).

**C. Protections for ISP Subscribers**

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown."

*McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting the allegations.

Here, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Plaintiff's copyright. *See, e.g., Pacific Century Intern. Ltd. v. Does 1-101*, No. C–11–02533 (DMR), 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011); *see also IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work). The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents. *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality.

Furthermore, in this case, Plaintiff admits that only one of six of the Doe defendants likely is located in this district. Nicolini Decl., ECF No. 6-1 at 9, ¶ 23. Thus, it is plausible, that the remaining Doe defendant has a valid jurisdictional defense.

In light of the considerations, including the jurisdictional issue that might be particularly challenging for an individual proceeding without counsel, "protections for the Doe Defendants are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court." *Liberty Media Holdings, LLC v. Does 1-62*, Civil No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *6 (S.D. Cal. May 12, 2011).

Accordingly, the court **ISSUES** a protective order to the limited extent that any information regarding the Doe defendant released to Plaintiff by the ISP shall be treated as confidential for a limited duration. *See IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Plaintiff shall not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *Id.* If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire. *Id.* Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult entertainment, if the Doe Defendant includes identifying information within his or her request to proceed anonymously, the court finds good cause to order the papers filed under seal until the court has the opportunity to rule on the request. *See id.* at 3 (permitting party to file under seal a declaration with identifying information). If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the court will direct the Doe defendant to submit a copy of the under-seal request to Plaintiff and will ensure that Plaintiff has time to respond.

## IV. CONCLUSION

For the reasons stated above, the court **SEVERS** Does 2-3577 from this action and **DISMISSES WITHOUT PREJUDICE** Third Degree Films's claims against them. Should Third Degree Films re-file separate complaints against any of these defendants within 20 days of this order, those suits will be deemed a continuation of the original action for purposes of the statute of limitations.

The court **GRANTS** Third Degree Films's *Ex Parte* Motion for Expedited Discovery with respect to Doe 1 as follows.

1. **IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on the Internet Service Provider (ISP) listed in Exhibit A to the complaint to obtain information to identify Doe 1, including his or her name, address, telephone number, and email address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon

1 them to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1
2 using any reasonable means, including written notice sent to his or her last known address,
3 transmitted either by first-class mail or via overnight service.

4    3. **IT IS FURTHER ORDERED** that Doe 1 shall have 30 days from the date of service upon
5 him or her to file any motions contesting the subpoena (including a motion to quash or modify the
6 subpoena) with the court that issued the subpoena. If that 30-day period lapses without Doe 1
7 contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the
8 subpoena to Plaintiff.

9    4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed
10 information pending the resolution of any timely-filed motion to quash.

11    5. **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order
12 shall confer with Plaintiff and shall not assess any charge in advance of providing the information
13 requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of
14 production shall provide a billing summary and cost reports that serve as a basis for such billing
15 summary and any costs claimed by the ISP.

16    6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any
17 subpoenas issued pursuant to this order to the necessary entities.

18    7. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a
19 Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as
20 set forth in its complaint.

21    This disposes of ECF No. 6.
22    **IT IS SO ORDERED.**
23 Dated: November 4, 2011
24                                         _____
                                           LAUREL BEELER
25                                         United States Magistrate Judge